609 A.2d 851

COMMONWEALTH of Pennsylvania

v.

James WORRALL, Appellant.

Superior Court of Pennsylvania.

Submitted May 11, 1992.

Filed June 30, 1992.

Arthur K. Dils, Harrisburg, for appellant.

Alison Taylor, Asst. Dist. Atty., Carlisle, for Com., appellee.

Before OLSZEWSKI, TAMILIA and BROSKY, JJ.

TAMILIA, Judge.

James Worrall brings this appeal from the judgment of sentence entered December 10, 1991, ordering him incarcerated for thirty (30) days to twenty-three (23) months as a consequence of having been found guilty of driving under the influence of alcohol or a controlled substance.[1]

On February 26, 1990, appellant was arrested and charged with driving under the influence of alcohol. A criminal complaint was filed and, on August 17, 1990, a preliminary hearing was held before District Justice Robert V. Manlove. The charges were dismissed for lack of a prima facie case. Charges were refiled against appellant on that same day using the identical affidavit of probable cause and criminal complaint. A second preliminary hearing was held October 24, 1990 before the same district justice. The matter was bound over to court and appellant was found guilty by the Honorable Kevin A. Hess, sitting without a jury. Appellant's post-trial motions were denied, he was sentenced and this appeal followed.

Appellant argues the Commonwealth is precluded from refiling charges before the same district justice utilizing the identical criminal complaint and affidavit of probable cause. Appellant prays the court reverse the judgment of sentence entered against him and dismiss all charges.

Recently this Court has held once a defendant has gone to trial and been found guilty of a crime, any defect in the preliminary hearing is rendered immaterial. *Commonwealth v. Tyler*, 402 Pa.Super. 429, 587 A.2d 326 (1991). In such a situation, when a defendant has been proven guilty beyond a reasonable doubt in a trial completed without

1. 75 Pa.C.S. § 3731.

reversible error, it would be inappropriate as well as foolish to require a new preliminary hearing or trial. *Id.* Additionally, there is no procedural rule which requires the Commonwealth to assert additional evidence prior to refiling a criminal charge before a district justice. *Liciaga v. Court of Common Pleas of Lehigh County,* 523 Pa. 258, 566 A.2d 246 (1989). Contrary to appellant's allegation, *Liciaga* does not require a second preliminary hearing be held before a different justice, and we are aware of no procedural rule which sets forth any such mandate.

Having found appellant's arguments devoid of merit we affirm the judgment of sentence entered December 10, 1991.

Judgment of sentence affirmed.