660 A.2d 621

**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**Edward C. SCHWER.**

Superior Court of Pennsylvania.

Submitted Feb. 7, 1995.

Filed June 23, 1995.

Michael Streily, Asst. Dist. Atty., Pittsburgh, for Com., appellant.

Kim W. Riester, Pittsburgh, for appellee.

Before CAVANAUGH, JOHNSON and SAYLOR, JJ.

CAVANAUGH, Judge.

This matter is presently before the court on the Commonwealth's appeal from the order of April 22, 1994 of the Court of Common Pleas of Allegheny County which granted appellee's petition for writ of habeas corpus and discharged appellee Edward Schwer. For the reasons which follow we vacate that order and remand to the lower court for further proceedings.

Edward Schwer was charged on June 7, 1993 with driving under the influence and summary offenses. After a preliminary hearing held on July 8, 1993, District Justice Richard McCarthy dismissed the criminal complaint against Mr. Schwer. The Commonwealth refiled the charges on July 22, 1993, again before District Justice McCarthy, who that day disqualified himself and requested that the administrative office for district justice courts assign another district justice to preside. On September 21, 1993 a second preliminary hearing was held, this time before District Justice Robert Kubit, who held the case over for trial. On October 4, 1993 appellee filed a petition for writ of habeas corpus which was denied on November 10, 1993. On January 25, 1994 appellee filed a motion for reconsideration of that order arguing that his constitutional rights were violated when the Commonwealth refiled previously dismissed charges in front of the

same district justice who had originally dismissed those charges. The motion for reconsideration was granted, and appellee discharged, on April 22, 1994. This timely appeal followed with the Commonwealth arguing that:

PENNSYLVANIA CASE LAW DOES NOT PRECLUDE THE COMMONWEALTH FROM REFILING THE IDENTICAL CHARGES IN FRONT OF THE SAME DISTRICT JUSTICE.

ASSUMING ARGUENDO THAT THE COMMON-WEALTH IS PRECLUDED FROM REFILING CHARGES IN FRONT OF THE SAME DISTRICT JUS-TICE, PENNSYLVANIA CASE LAW WAS NOT VIO-LATED BY OFFICER WINSTON'S REFILING, AS A DIFFERENT DISTRICT JUSTICE PRESIDED OVER THE SECOND PRELIMINARY HEARING.

■ Before we address appellant's arguments we note the standard under which we review this appeal. Case law provides that a decision to grant a petition for a writ of habeas corpus will be reversed on appeal only for a manifest abuse of discretion. *Commonwealth v. Lundberg,* 422 Pa.Super. 495, 619 A.2d 1066 (1993).

It is well established that an abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Moyer,* 497 Pa. 643, 647, 444 A.2d 101, 103 (1982), quoting *In re Garrett's Estate,* 335 Pa. 287, 6 A.2d 858, 860 (1939).

In its opinion to this court, the court below explained its reasons for granting appellee's writ. The court stated that, since Pennsylvania appellate courts have held that the Commonwealth may seek to reinstate a dismissed charge by refiling the same charge before a *different* magistrate, and, since the Commonwealth in the instant matter refiled the same charges before the *same* district justice, the Common-

wealth's procedural error necessitated the grant of the writ. The court cited the cases of *Commonwealth v. Jones*, 429 Pa.Super. 601, 633 A.2d 185 (1993), *alloc. denied*, 538 Pa. 647, 647 A.2d 902 (1994) and *Commonwealth v. Shoop*, 420 Pa.Super. 606, 617 A.2d 351 (1992) in support of its ruling.

We have reviewed the above-cited cases. In *Jones*, a panel of this court affirmed a trial court's order reassigning a different district justice to hear charges of driving under the influence being refiled against a defendant. In so doing this court specifically stated that the Commonwealth may seek to reinstate a charge dismissed by a magistrate by "re-filing the same charge before a *different* magistrate." *Id.* at 607, 633 A.2d at 188.

In *Shoop*, another panel of this court reversed a trial court's ruling which reassigned a case, for a second preliminary hearing, before the same district justice who had discharged a defendant after the defendant's first preliminary hearing. This court stated that "where the Commonwealth in good faith alleges improper dismissal by a district justice, it must have the opportunity to bring the re-arrest before another district justice." *Id.* at 610, 617 A.2d at 353.

While acknowledging the above-quoted cases, the Commonwealth argues that the holdings in these cases, and in the Pennsylvania Supreme Court case of *Liciaga v. Court of Common Pleas of Lehigh County*, 523 Pa. 258, 566 A.2d 246 (1989), (plurality opinion), were intended to expand, and not restrict, the rights of the Commonwealth on the refiling of previously dismissed criminal charges. Appellant claims that a close reading of the cases reveals that the court created an "additional avenue" for the refiling of dismissed charges.

■ We agree that the primary purpose of this court's decisions in *Jones* and *Shoop* was to provide to the Commonwealth a procedure by which to seek a reassessment, by a different district justice, of charges dismissed after a preliminary hearing. A fair reading of the decisions in both cases reveals no intent by this court to limit the Commonwealth's options on the refiling of dismissed charges. Additionally, the

language relied on by the lower court, that charges are to be refiled before a different magistrate, does not, in our view, require the dismissal of charges filed before the same district justice. In fact, the cases do not provide for that remedy.

Additional support for our decision is provided by the case of *Commonwealth v. Worrall,* 415 Pa.Super. 478, 609 A.2d 851 (1992), wherein a panel of this court affirmed a judgment of sentence even after an appellant argued that the Commonwealth was precluded from refiling charges before the same district justice who had previously dismissed them. While first noting that after a defendant has been found guilty at trial any defect in the preliminary hearing is rendered immaterial, the court then stated that, contrary to the defendant's allegations, the case of *Liciaga* did not require that "a second preliminary hearing be held before a different district justice." The court further stated that it was "aware of no procedural rule which sets forth any such mandate." *Id.* at 480, 609 A.2d at 852. Nor are we, and we find that the court below erred when it held that caselaw required the dismissal of the refiled charges against appellee.

We therefore hold that, while the Commonwealth may refile criminal charges before a different district justice than the one who has already dismissed identical charges, should the Commonwealth refile in front of the same district justice, dismissal of the charges and of the defendant for that reason alone is not mandated.

Accordingly, as we find that the court below erred when it granted appellee's petition for writ of habeas corpus, that order is vacated and this matter is remanded to the Court of Common Pleas of Allegheny County for further proceedings.[1]

Order vacated. Case remanded.

1. Due to our determination of appellant's first claim, we need not address its second argument that the charges *were* refiled in front of a different magistrate since the filing officer was "well aware" that a second district justice would ultimately hear the charges and had no intention of allowing the charges to be heard by the same magistrate who had already dismissed them. We do note, however, that since it is clear that the officer did refile the charges in front of the same

magistrate, his subjective knowledge and intent in so doing would appear to be irrelevant.