691 A.2d 946

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James SAUNDERS.**

Superior Court of Pennsylvania.

Argued Feb. 11, 1997.

Filed March 26, 1997.

James R. Gilmore, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

James R. Wilson, Public Defender, Pittsburgh, for appellee.

Before HUDOCK, EAKIN and BROSKY, JJ.

BROSKY, Judge.

The Commonwealth of Pennsylvania ("Commonwealth") appeals from the February 22, 1996 trial court order granting defendant-appellee James Saunders' oral habeas corpus motion, which requested that the charges against him be dismissed due to insufficient evidence to establish a *prima facie* case; the trial court dismissed three counts of driving under the influence ("DUI").[1]

On March 23, 1995, at approximately 2:30 a.m., Pittsburgh Police Officer Gene Hlavac was on routine patrol in the Southside section of the city. Officer Hlavac drove his police cruiser through the parking lot of the CoGo's convenience store at the corner of East Carson Street and South 10th Street.[2] East Carson Street is a business area, with residential homes on the streets adjoining East Carson; there are numerous bars and restaurants on East Carson Street that

1. 75 Pa.C.S. § 3731(a)(1), (a)(4) and (a)(5).
2. CoGo's sells gasoline from pumps and has convenience and food items for sale inside of the store; it does not sell alcoholic beverages.

serve alcoholic beverages.[3]   Officer Hlavac initially testified that the closest point from CoGo's, within which to purchase alcohol, was one hundred yards away, but he also testified that there was a restaurant (on 10th Street), closer to CoGo's, that sold alcoholic beverages; he did not know if the restaurant was open at 2:30 a.m.   N.T., 2/21–22/96, at 16.   Hlavac testified that all bars and lounge establishments closed at 2:00 a.m., but that private "after-hours" clubs remained open after 2:00 a.m.; the closest private club, in relation to CoGo's, was two and one-half blocks away.   *Id.* at 17.

As the officer drove though the parking lot[4] he noticed appellee in his car, which was parked, with the motor running, facing the CoGo's building (appellee's car was directly in front of the CoGo's front doors); appellee was in the driver's seat and was "leaning [his head] against his driver's side window." *Id.* at 13.   There were no other vehicles in the CoGo's lot and no individuals were entering the store.   Appellee's car was in the "park" gear and the emergency brake was on.

Officer Hlavac radioed in, to the police dispatcher, that he was going to investigate appellee in his parked car.   The officer noticed that appellee "was soundly asleep behind the wheel of his vehicle." *Id.* at 19.   The officer knocked upon appellee's driver's side window with his hand but could not awaken appellee.   Officer Hlavac then knocked on the window for approximately two minutes with his nightstick; appellee awoke.   The officer asked appellee to turn the engine off and appellee complied;   appellee had an odor of alcohol on his breath and his speech pattern was disoriented.   Appellee provided his driver's license and vehicle registration, which indicated that he lived in North Versailles, PA, a one-half hour drive from that CoGo's; as mentioned, *supra*, other than the officer, appellee was the only individual in the parking lot.

**3.** East Carson Street is a congested business area and most businesses only have on-street parking; it can be difficult to find parking spaces in the area.   N.T., 2/21–22/96, at 26.

**4.** Signs in the lot indicate that it is only for CoGo's customers, and that vehicles will be towed if parked there for reasons other than patronizing CoGo's.   N.T., 2/21–22/96, at 22.

Appellee was arrested for DUI; the defense stipulated at the habeas corpus "hearing that at the time that [appellee] was removed from the car [immediately after the officer obtained his driver's license], he was under the influence of alcohol to a degree rendering him incapable of safe driving[—he] was drunk[.]" *Id.* at 21, 23.

Appellee's trial was scheduled for February 22, 1996. On February 21, 1996 he filed an oral motion for habeas corpus relief, requesting dismissal of the DUI charges on the grounds that the Commonwealth could not prove the element of appellee's "actual physical control" of his car. N.T., 2/21/96, at 2. A hearing was held before the Honorable Lawrence J. O'Toole and at its conclusion Judge O'Toole granted appellee's habeas motion and dismissed the DUI charges. The Commonwealth then filed the instant appeal.

The Commonwealth claims on appeal that, "The habeas court erred as a matter of law to the facts presented as to what constitutes 'actual physical control' for DUI purposes under 75 Pa.C.S. § 3731(a)." The Commonwealth's Brief at 11. We agree and reverse the trial court's February 22, 1996 order.

■■■ Our Court stated in *Commonwealth v. Karlson,* 449 Pa.Super. 378, 674 A.2d 249 (1996),

> The decision to grant or deny a petition for writ of habeas corpus will be reversed on appeal only for a manifest abuse of discretion. It is settled that a petition for writ of habeas corpus is the proper means for testing a pre-trial finding that the Commonwealth has sufficient evidence to establish a *prima facie* case. Although a habeas corpus hearing is similar to a preliminary hearing, in a habeas corpus proceeding the Commonwealth has the opportunity to present additional evidence to establish that the defendant has committed the elements of the offense charged. [Citations omitted.]

*Id.* at 381, 674 A.2d at 250–51.

■■ Our Court stated in *Commonwealth v. Kowalek,* 436 Pa.Super. 361, 647 A.2d 948 (1994),

[O]ur scope of review is limited to deciding whether a *prima facie* case was established.... Proof of guilt beyond a reasonable doubt is not required at this stage. Rather, the Commonwealth must show sufficient probable cause that the defendant committed the offense, and the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury. [Citation omitted.]

*Id.* at 364, 647 A.2d at 949.

■ Our Court stated in *Commonwealth v. Schwer*, 442 Pa.Super. 604, 660 A.2d 621 (1995),

[A]n abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will as shown by the evidence or the record, discretion is abused. [Citations omitted.]

*Id.* at 606, 660 A.2d at 622.

Hence, we must determine if the Commonwealth presented a *prima facie* case that appellee committed the offense of DUI.

■ Appellee was charged with 75 Pa.C.S. § 3731(a)(1), (a)(4) and (a)(5), which all require that the Commonwealth prove beyond a reasonable doubt (in order to sustain a conviction) that (1) a defendant was driving, operating or in actual physical control of any vehicle while (2) under the influence of alcohol.[5] Since appellee has stipulated that he was under the influence of alcohol, we need only determine if appellee was driving, operating or in actual physical control of his automobile. Since the facts indicate that he was not driving or operating his automobile at the time that Officer Hlavac discovered him, the specific issue in this case is whether the

5. On July 30, 1996 our Supreme Court, in *Commonwealth v. Barud*, 545 Pa. 297, 681 A.2d 162 (1996), found 75 Pa.C.S. § 3731(a)(5) to be unconstitutional; hence, we need only concentrate on (a)(1) and (a)(4) in the instant case.

Commonwealth presented a *prima facie* case that appellee was in "actual physical control" of his vehicle.

Prior Superior Court cases have varied in their interpretations of the concept of "actual physical control" of the vehicle. *See Commonwealth v. Kloch,* 230 Pa.Super. 563, 327 A.2d 375 (1974) (finding actual physical control when defendant was found sleeping on the side of the highway, with three-quarters of his vehicle protruding out onto the highway, the headlights on and the motor running); *Commonwealth v. Crum,* 362 Pa.Super. 110, 523 A.2d 799 (1987) (actual physical control found where defendant was sleeping, in the driver's seat of his car, on the berm of the road with the engine and headlights on); *Commonwealth v. Bobotas,* 403 Pa.Super. 136, 588 A.2d 518 (1991) (actual physical control found where defendant was parked in an alley, where he had pulled over on his way home, with the motor running); *Commonwealth v. Leib,* 403 Pa.Super. 223, 588 A.2d 922 (1991) (actual physical control found when defendant was found sleeping in his car, which was not running, but was parked in the middle of the road); *Commonwealth v. Price,* 416 Pa.Super. 23, 610 A.2d 488 (1992) (no actual physical control established where the defendant was sitting behind the wheel of a parked car; the engine was not running and the defendant had the keys in his hands); *Commonwealth v. Grimes,* 436 Pa.Super. 535, 648 A.2d 538 (1994) (actual physical control established where defendant was revving his engine for five minutes while parked on the street in front of a bar where he had been drinking); *Commonwealth v. Byers,* 437 Pa.Super. 502, 650 A.2d 468 (1994) (no actual physical control found where defendant was asleep in the driver's seat, with the motor running and headlights on, in the parking lot of a "lounge"); *Commonwealth v. Trial,* 438 Pa.Super. 209, 652 A.2d 338 (1994) (actual physical control found where defendant's car was diagonally across a roadway, he was in the car with his seat belt on, the parking lights were on and the keys were in the ignition in the "on" position, although the engine was not running); *Commonwealth v. Wilson,* 442 Pa.Super. 521, 660 A.2d 105 (1995) (actual physical control found where defendant's car was found down an

embankment by the roadside, no keys were found, but it was a winter night and the hood of the car was warm); and, *Commonwealth v. Woodruff,* 447 Pa.Super. 222, 668 A.2d 1158 (1995) (actual physical control found where defendant's car was on the berm of a road that was fifty yards west of the establishment where he had purchased beer, the engine was running, the high beams were on and the car was protruding into traffic lanes).

The most recent Superior Court cases indicate that something more than a defendant behind the wheel, with the motor running, is required to establish actual physical control of the vehicle; there must be evidence to support an inference indicating that the vehicle had been driven by the defendant while he was intoxicated. *Commonwealth v. Byers, supra; Commonwealth v. Trial, supra; Commonwealth v. Wilson, supra; Commonwealth v. Woodruff, supra.* A determination of actual physical control of a vehicle is based upon the totality of the circumstances, including the location of the vehicle, whether the engine was running and whether there was additional evidence indicating that the defendant had driven the vehicle prior to the arrival of the police. *Id.*[6] We are bound by the most recent pronouncements of this Court, and, hence, we must determine in the instant case if the Commonwealth made a *prima facie* showing that appellee had driven his vehicle, while intoxicated, prior to Officer Hlavac's arrival at the CoGo's parking lot (*i.e.,* did the Commonwealth present evidence to support an inference that appellee drove the vehicle).[7] *Id.; Commonwealth v. Karlson, supra; Commonwealth v. Kowalek, supra.* We find that the Commonwealth did meet its burden.

**6.** A plurality of our Supreme Court Justices recently held, in *Commonwealth v. Wolen,* 546 Pa. 448, 685 A.2d 1384 (1996), that a defendant sitting in the driver's seat of a vehicle, with the motor running, is in actual physical control of that vehicle. *Id.* However, there was no majority in that case, since six justices participated, with two concurring in result and one dissenting.

**7.** The Commonwealth did not have to prove guilt beyond a reasonable doubt at the habeas corpus hearing; it only had to show sufficient probable cause that appellee committed the offense of DUI. *Commonwealth v. Karlson, supra; Commonwealth v. Kowalek, supra.*

Appellee was intoxicated and behind the wheel of his car in the CoGo's lot with his car motor running. The CoGo's lot is restricted to CoGo's customers and cars are periodically towed from the lot when the operators are using the lot to patronize other establishments. CoGo's does not sell alcoholic beverages; hence, appellee obtained them elsewhere. Appellee could have obtained the alcoholic beverages from any of the bars, restaurants or private clubs on and around East Carson Street (the closest private club was two and one-half blocks away, the closest bar was one hundred yards away and the closest restaurant was on 10th Street), or he could have obtained and consumed alcoholic beverages before driving into the Southside. Since the CoGo's lot was only for its customers, and appellee obtained the alcoholic beverages (and most likely consumed them) prior to his physical presence in the CoGo's lot, we find that the Commonwealth presented evidence to support an inference that appellee drove his car, while intoxicated, to the CoGo's parking lot. Therefore, the Commonwealth did present, at the habeas corpus hearing, evidence to support an inference of appellee's actual physical control of his automobile. *Id.* Accordingly, the trial court erred in granting appellee's habeas corpus motion and dismissing the DUI charges [75 Pa.C.S. § 3731(a)(1) and (a)(4) ] against appellee. Hence, we reverse the February 22, 1996 trial court order and remand for trial on the DUI charges against appellee.

Order reversed. Case remanded for trial. Jurisdiction relinquished.