J-S36018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MARQUISE HILL :
:
Appellant : No. 2003 MDA 2018

Appeal from the Order Entered October 25, 2018
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000751-2014

BEFORE: PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.: **FILED FEBRUARY 24, 2020**

Appellant, Marquise Hill, appeals from an order entered on October 25,

2018, that denied in part, and granted in part, his petition filed pursuant to

the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1] After

numerous motions and intervening filings, this case is once more before our

panel.

The record reveals that on December 10, 2014, following a jury trial,

Appellant was found guilty of robbery, simple assault, recklessly endangering

_____

[1] Although this case presents a convoluted procedural history, we conclude
that the October 25, 2018 order, which partially denied Appellant's PCRA
petition, is a final order and is ripe for disposition. ***See Commonwealth v.
Grove***, 170 A.3d 1127, 1150-1151 (Pa. Super. 2017) (addressing the merits
of an appeal from an order partially denying a PCRA petition).

_____

\* Retired Senior Judge assigned to the Superior Court.

another person, and harassment.[2]  The trial court applied the "three strikes"

sentencing enhancement from 42 Pa.C.S. § 9714(a)(2), and it imposed a

mandatory minimum sentence of twenty-five years for robbery.  This resulted

in an aggregate term of twenty-five to fifty years of incarceration.  Appellant

filed a timely appeal, and this Court affirmed Appellant's judgment of

sentence.  **Commonwealth v. Hill**, 141 A.3d 582, 132 MDA 2015 (Pa. Super.

filed February 1, 2016) (unpublished memorandum).

Appellant filed a timely PCRA petition on October 26, 2016.  On

December 9, 2016, the PCRA court held a hearing pursuant to

**Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine if

Appellant wished to waive his right to counsel and whether the waiver was

knowingly, voluntarily, and intelligently made.  The PCRA court permitted

Appellant to represent himself and appointed Attorney Kurt Lynott

("Attorney Lynott"), as stand-by counsel.  Order, 12/9/16.  Hearings on

Appellant's PCRA petition were held on October 24, 2017, January 9, 2018,

and May 29, 2018.  During Appellant's third PCRA hearing on May 29, 2018,

Appellant requested Attorney Lynott's representation for the rest of the

"case."  N.T., 5/29/18, at 41-42.  On October 25, 2018, the PCRA court

---

[2]   18 Pa.C.S. §§ 3701(a)(1)(ii), 2701(a)(3), 2705, and 2709(a)(1),
respectively.

granted Appellant's PCRA petition in part, and denied it in part.[3] Order, 10/25/18. Specifically, the PCRA court granted Appellant relief with respect to the legality of his sentence, directing that Appellant must be resentenced without the "three strikes" sentencing enhancement. Order, 10/25/18. The PCRA court denied Appellant's PCRA petition in all other respects. *Id.*

Despite Attorney Lynott remaining counsel of record, Appellant filed a *pro se* notice of appeal, and the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant complied, and the PCRA court filed a Pa.R.A.P. 1925(a) opinion on January 15, 2019.

On April 3, 2019, Appellant filed a *pro se* application in this Court for permission to file a reduced number of copies of his brief and reproduced record. This Court granted Appellant's application on April 17, 2019. On May 9, 2019, Appellant filed his briefs and reproduced records *pro se*.

On June 14, 2019, Appellant filed a *pro se* motion to proceed *in forma pauperis* ("IFP"). As noted, Attorney Lynott had not been granted leave to withdraw and remained counsel of record. *See Commonwealth v. Cherry*, 155 A.3d 1080, 1082-1083 (Pa. Super. 2017) (criminal defendants have a right pursuant to Pa.R.Crim.P. 904(C) to the assistance of counsel for their first PCRA petition through the entire appellate process, and once counsel is

---

[3] The PCRA court granted Appellant PCRA relief in part, concluding that Appellant should be resentenced without the "three strikes" sentencing enhancement imposed pursuant to 42 Pa.C.S. § 9714(a). Order, 10/25/18. The court denied Appellant's PCRA petition in all other respects. *Id.*

appointed, he must take affirmative steps to discharge his duties) (citations omitted).

In a judgment order filed on June 24, 2019, we remanded this matter to the PCRA court to determine Appellant's IFP status and for a **Grazier** hearing to determine if Appellant wanted counsel or to proceed *pro se*. This Court also instructed that in the event Attorney Lynott continued his representation, the PCRA court was to afford him the opportunity to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Subsequently, in a letter dated July 14, 2019, Appellant informed the PCRA court that he wished to have Attorney Lynott continue to represent him.[4] On July 19, 2019, the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement. However, on August 27, 2019, Attorney Lynott filed a statement pursuant to Pa.R.A.P. 1925(c)(4) in he which he averred that there were no issues of arguable merit. On October 2, 2019, the PCRA court filed its Pa.R.A.P. 1925(a) opinion. The PCRA court noted that Appellant

---

[4] Despite Attorney Lynott's representation, on October 17, 2019, Appellant filed a *pro se* motion to supplement the record. On October 21, 2019, our Prothonotary forwarded the *pro se* motion to Attorney Lynott pursuant to **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011). Attorney Lynott did not pursue this motion. We need take no further action on this motion as it is not properly before this Court. **Id.** at 1044.

maintained his IFP status because he remained incarcerated, and his financial situation was unchanged.  PCRA Court Opinion, 10/2/19, at 3.[5]

On October 23, 2019, Attorney Lynott filed an application to withdraw and a brief.[6]  On November 8, 2019, Appellant filed a *pro se* motion for an extension of time in which to file a reply to counsel's brief and application to withdraw.  On November 15, 2019, this Court granted Appellant's motion and ordered that Appellant's response was due on or before December 23, 2019.  However, we also stated that no further extensions would be granted.  As of this writing, Appellant has not filed a response.

Prior to addressing the merits of the issues on appeal, we must first decide whether counsel has fulfilled the procedural requirements for

_____

[5]  We note that on June 14, 2019, Appellant filed a motion to proceed IFP in this Court.  We reiterate that Appellant was represented by counsel at that time, and the motion was not properly before this Court.  *Jette*, 23 A.3d at 1044.  Accordingly, we need not rule on this motion.  Nevertheless, because the PCRA court concluded that Appellant maintained his IFP status due to his incarceration and unchanged financial status, we discern no barrier to Appellant maintaining IFP status on appeal pursuant to Pa.R.A.P. 551.

[6]  Counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), which is proper where counsel seeks to withdraw representation in a direct appeal.  This matter involves an application to withdraw on collateral review; therefore, a **Turner/Finley** no-merit letter is the appropriate filing. **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter." **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted). Nevertheless, because **Turner**, **Finley**, and their progeny provide the proper means of review, and in an effort to forestall further confusion in this convoluted appeal, we refer to counsel's brief as a **Turner/Finley** letter.

withdrawing his representation. **Commonwealth v. Daniels**, 947 A.2d 795, 797 (Pa. Super. 2008). This Court has listed conditions counsel must satisfy when seeking to withdraw in a collateral appeal:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under **Turner, supra** and **Finley, supra** and ... must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the [court in which the application was filed, meaning the trial court or the appellate court ]must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

In the application filed with this Court, Attorney Lynott explained he reviewed the case, evaluated the issues, conducted an independent review of the record, and concluded there were no issues of merit. Counsel listed issues Appellant sought to raise and explained why the appeal is without merit. In addition, counsel asserted that he served upon Appellant a copy of the

application to withdraw, the no-merit letter, and a letter addressed to Appellant accompanying those documents. Accordingly, we next review the issues raised in the **Turner/Finley** Letter.

In the **Turner/Finley** Letter, counsel set forth the fifteen issues Appellant wanted to raise on appeal, which counsel concludes are meritless, as follows:

> 1. Did the trial court commit [an] error of law or abuse its discretion in failing to determine that the Commonwealth failed to provide sufficient evidence that [Appellant] committed the crimes alleged[?]
>
> 2. Did the trial court commit [an] error of law or abuse its discretion in failing to determine that the Commonwealth failed to prove beyond a reasonable doubt all the elements of robbery[?]
>
> 3. Did the trial court commit [an] error of law or abuse its discretion in failing to determine that the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] by physical menace placed the victim in fear of serious bodily injury to establish the crime of simple assault[?]
>
> 4. Did the trial court commit [an] error of law or abuse its discretion in failing to determine that the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] acted recklessly which placed the victim in danger of death or serious bodily injury[?]
>
> 5. Did the trial court commit [an] error of law or abuse its discretion in failing to determine that the Commonwealth failed to prove the elements required for the summary conviction of harassment[?]
>
> 6. Did the trial court commit [an] error of law or abuse its discretion in allowing the hearsay testimony of officer Jill Foley[?]
>
> 7. Was the PCRA court's denial of [Appellant's] PCRA petition supported by the record and/or free of legal error by determining

that the trial counsel was not ineffective for not requesting the transcript from the preliminary hearing[?]

8. Was the PCRA court's denial of [Appellant's] PCRA petition supported by the record and/or free of legal error when it determined that trial counsel was not ineffective for not filing a petition for writ of habeas corpus as the victim failed to properly identify [Appellant?]

9. Was the PCRA court's denial of [Appellant's] PCRA petition supported by the record and/or free of legal error by determining that trial counsel was not ineffective for not obtaining copies of the 911 call made by the victim describing [Appellant?]

10. Was the PCRA court's denial of [Appellant's] PCRA petition supported by the record and/or free of legal error when it determined that trial counsel was not ineffective for not filing a motion to suppress the physical evidence utilized at trial[?]

11. Was the PCRA court's denial of [Appellant's] PCRA petition supported by the record and/or free of legal error when it determined that trial counsel was not ineffective for not challenging the security video of the crime being committed[?]

12. Was the PCRA court's denial of [Appellant's] PCRA petition supported by the record and/or free of legal error when it determined that trial counsel was not ineffective for not providing the testimony of two (2) alibi witnesses as requested by [Appellant?]

13. Was the PCRA court's denial of [Appellant's] PCRA petition supported by the record and/or free of legal error when it determined that trial counsel was not ineffective for not allowing [Appellant] to testify on his own behalf[?]

14. Was the PCRA court's denial of [Appellant's] PCRA petition supported by the record and/or free of legal error when it determined that trial counsel was not ineffective for not showing [Appellant's] clothing that he was wearing the night of the incident to the jury[?]

15. Was the PCRA court's denial of [Appellant's] PCRA petition supported by the record and/or free of legal error when it determined that trial counsel was not ineffective for not allowing

[Appellant] to participate in jury selection and the first twelve jurors were selected[?]

***Turner/Finley*** Letter at 4-7 (full capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

To be eligible for relief under the PCRA, a defendant must plead and prove that his conviction and/or sentence resulted from one of the circumstances delineated by the PCRA. ***See*** 42 Pa.C.S. § 9543 (outlining the eligibility requirements for PCRA relief). Among those requirements are that the issue must not be previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S. § 9544(a)(2).

Appellant's first five issues assail the sufficiency of the evidence at trial, and the sixth issue challenges one of the trial court's evidentiary rulings. ***Turner/Finley*** Letter at 4-5. However, Attorney Lynott asserts that these issues were previously litigated. ***Id.*** at 11-12. We agree. The record reveals that the trial court disposed of these issues in its March 31, 2015 opinion. Moreover, this Court addressed the issues in Appellant's direct appeal. We concluded that there was sufficient evidence to establish the convictions, and we discerned no abuse of discretion in the trial court's evidentiary ruling. ***Hill***, 141 A.3d 582, 132 MDA 2015 (unpublished memorandum at 7-16). Accordingly, Appellant is ineligible for relief on his first six issues because they were previously litigated. 42 Pa.C.S. §§ 9543(a)(3); 9544(a)(2).

In issues seven through fifteen, Appellant alleges ineffective assistance of trial counsel, Attorney Joseph Kalinowski ("Attorney Kalinowski"). ***Turner/Finley*** Letter at 5-7. In order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001). We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Moreover, with regard to the second prong of the ***Pierce*** test, we have reiterated that trial counsel's approach must be "so

unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Ervin***, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting ***Commonwealth v. Miller***, 431 A.2d 233 (Pa. 1981)).

In addition, we are mindful that prejudice requires proof that there is a reasonable probability that but for counsel's error, the outcome of the proceeding would have been different. ***Pierce***, 786 A.2d at 213. "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) (citing ***Commonwealth v. Sneed***, 899 A.2d 1067 (Pa. 2006)). It is presumed that the petitioner's counsel was effective, unless the petitioner proves otherwise. ***Commonwealth v. Williams***, 732 A.2d 1167, 1177 (Pa. 1999).

For the reasons that follow, we agree with Attorney Lynott that the issues are meritless. Appellant begins by claiming Attorney Kalinowski was ineffective for failing to request the transcript from the preliminary hearing. ***Turner/Finley*** Letter at 4. However, at the PCRA hearing on October 24, 2017, Attorney Kalinowski testified that Appellant was incorrect in this claim. Attorney Kalinowski testified that he requested the notes of testimony from the preliminary hearing. N.T. (PCRA Hearing I), 10/24/17, at 41-42. Moreover, the transcript is in the certified record. Certified Record Entry #6; N.T., Preliminary Hearing, 4/14/14. Accordingly, this issue is meritless.

Appellant asserts in his eight issue that Attorney Kalinowski was ineffective in refusing to file a petition for writ of *habeas corpus* after his preliminary hearing. A preliminary hearing serves a limited function; its purpose is to determine if a crime was committed and the probability that the defendant could be connected to the crime. **Commonwealth v. Landis**, 48 A.3d 432, 444 (Pa. Super. 2012) (citation omitted). Where a criminal defendant seeks to challenge the sufficiency of the evidence presented at his preliminary hearing, he may pursue a writ of *habeas corpus*. **Id.** (citation omitted). However, Attorney Kalinowski testified that he did not file the petition because in his opinion, there was no basis upon which *habeas corpus* relief could be granted. N.T. (PCRA Hearing I), 10/24/17, at 59; N.T. (PCRA Hearing II), 1/9/18, at 26. At the preliminary hearing, the victim testified that Appellant robbed the gas station where she worked using a gun. N.T. (Preliminary Hearing), 4/14/14, at 8. The victim positively identified Appellant at the hearing. **Id.** at 15. We conclude that Attorney Kalinowski was reasonable in this course of action, and it was unlikely a petition for *habeas corpus* relief would have been successful or achieved a different result. **Pierce**, 786 A.2d at 213. Moreover, when a defendant has been proven guilty beyond a reasonable doubt in a trial completed without reversible error, it is would be "inappropriate as well as foolish" to require a new preliminary hearing or trial. **Commonwealth v. Worrall**, 609 A.2d 851, 852 (Pa. Super. 1992). Appellant issue is meritless.

In his ninth issue, Appellant claims that Attorney Kalinowski was ineffective in failing to obtain a copy of the 911 call made by the victim. However, Attorney Kalinowski testified that he was not provided with any evidence of a 911 call. N.T. (PCRA Hearing I), 10/24/17, at 47. At the second PCRA hearing, Appellant, who remained *pro se*, testified that he learned there was, in fact, a 911 call made at the time of the robbery. N.T. (PCRA Hearing II), 1/9/18, at 4. The parties and the PCRA court discussed this call, and the PCRA court explained that the recordings of those calls are kept for a finite period and there no longer was a recording of a 911 call. *Id.* at 16. After review of the record, we find Appellant failed to establish how the result of the proceedings would have been different if a recording of the 911 call had been obtained. Appellant argued the 911 call would have shown a discrepancy in identification, but he failed to establish what this discrepancy was or in what way Attorney Kalinowski was ineffective. *Id.* at 15-16. Thus, this claim is meritless.

Next, Appellant asserts in his tenth issue that Attorney Kalinowski was ineffective in failing to file a motion to suppress the physical evidence. However, Attorney Kalinowski explained that no evidence was seized from Appellant's person, and there was no basis in law for an omnibus motion to suppress. N.T. (PCRA Hearing I), 10/24/17, at 43. We note that it is difficult to discern what evidence Appellant wanted suppressed; however, in the context of the PCRA hearing, wherein Appellant represented himself and

questioned Attorney Kalinowski, there was a focus on evidence allegedly seized from Appellant's person at the time of his arrest. *Id.* at 42. Because no evidence was seized from Appellant's person, this claim is meritless. We reiterate that counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Loner*, 836 A.2d at 132.

In his eleventh issue, Appellant argues Attorney Kalinowski was ineffective because he did not challenge aspects of the security video. Specifically, Appellant posited that the video footage had been altered or edited. N.T. (PCRA Hearing I), 10/24/17, at 55. However, at the hearing, Attorney Kalinowski testified that the video was not edited and there was no evidence that the video in question had been edited or altered in any way. Accordingly, there was no basis to move to suppress the video based on Appellant's allegation that it had been altered. *Id.*

In his twelfth issue, Appellant asserts Attorney Kalinowski was ineffective in failing to call two purported alibi witnesses. After our review of the record, we discern no basis upon which to conclude this course of action was unreasonable. The record reflects that Attorney Kalinowski explained that he spoke to Appellant's proposed alibi witnesses, and he concluded there were too many inconsistencies in their statements. N.T. (PCRA Hearing I), 10/24/17, at 63. There was also an allegation that one of these alibi witness was harassing the victim. *Id.* at 63, 94. Additionally, Attorney Kalinowski stated that he concluded the alibi defense was weak and difficult to establish;

in his professional opinion, Attorney Kalinowski believed Appellant had a better opportunity for success challenging the identification evidence. *Id.* at 64. Providing an alibi defense with inconsistent witnesses would not have been in Appellant' best interest. We discern nothing unreasonable with Attorney Kalinowski's decision. *See Ervin*, 766 A.2d at 862-863 (stating that in order to satisfy the second prong of the *Pierce* test, counsel's chosen strategy must be so unreasonable that no competent lawyer would have chosen it).

In his thirteenth issue, Appellant alleges that Attorney Kalinowski was ineffective in precluding Appellant from testifying. Attorney Kalinowski noted that prior to trial, he advised Appellant not to testify because Appellant's criminal record that could then be admissible. N.T. (PCRA Hearing I), 10/24/17, at 79-80. However, Attorney Kalinowski explained that he left the decision to testify was to Appellant, and Appellant opted to refrain. *Id.* at 81. We note that the decision to testify is to be made by the accused after consultation with counsel. *Commonwealth v. Daniels*, 999 A.2d 590, 596 (Pa. Super. 2010) (citation omitted). Even if Attorney Kalinowski counseled Appellant not to testify, we would not conclude that counsel was ineffective because Appellant's testimony could have been be impeached with his prior *crimen falsi*. *Id.* (citation omitted). We conclude there is no merit to Appellant's claim of ineffectiveness in this regard.

In his fourteenth issue, Appellant argues that Attorney Kalinowski was ineffective in failing to show the jury the clothing that Appellant wore on the night of the robbery when he was arrested. The assertion here is that the clothes Appellant wore did not match the victim's description. First, we note that there was only an incidental reference to Appellant's clothes at the first PCRA hearing. N.T. (PCRA Hearing I), 10/24/17, at 87. However, this issue was explored in more detail at the second hearing, and Appellant, who continued to represent himself, asked Attorney Kalinowski why the clothes were not shown to the jury. N.T. (PCRA Hearing II), 1/9/18, at 92. In response to Appellant's question, Attorney Kalinowski could not recall if the clothes had been used as an exhibit. *Id.* However, Appellant asked a follow-up question asserting that "You read them off." *Id.* at 93.

Our independent review of the record reveals that this statement refers to a stipulation at trial. Rather than exhibit the clothes that Appellant wore at the time of his arrest, which were also the clothes that he allegedly wore during the commission of the crime, Attorney Kalinowski stipulated to having the trial court read the prison's inventory of Appellant's clothing. N.T. (Trial), 11/10-12/14, at 259. During Appellant's intake at the prison, his clothes were removed and an inventory was created that described Appellant's clothes in detail. *Id.* at 258. After the parties stipulated, the trial court read the inventory into the record for the jury to hear. *Id.* at 259. Counsel's decision for this course of action was that the description of the clothing in the

inventory did not match the victim's description of the perpetrator's clothes, and Attorney Kalinowski referred to the stipulation and the discrepancy in his closing. *Id.* at 269. Therefore, although Attorney Kalinowski did not physically display the clothes to the jury, the prison inventory describing the clothing was read to the jury and the differences were highlighted. We cannot conclude that this was an unreasonable trial strategy, and we do not conclude Attorney Kalinowski was ineffective for choosing the stipulation over displaying the clothes to the jury.

In his final issue, Appellant asserts that Attorney Kalinowski was ineffective in preventing Appellant from participating in jury selection. However, Attorney Kalinowski explained that Appellant sat directly next to him during jury selection. N.T. (PCRA Hearing I), 10/24/17, at 87. Attorney Kalinowski testified that Appellant asked him no questions. *Id.* Attorney Kalinowski also explained that he used all of his preemptory challenges in selecting the jury, the Commonwealth then utilized all of its challenges, and then they selected the jury that sat for Appellant's trial. *Id.* at 89. We conclude that there is nothing in the record that supports Appellant's claim that Attorney Kalinowski prevented Appellant from participating in jury selection, and we agree this claim is meritless.

After review, we agree with Appellant's PCRA counsel, Attorney Lynott, that there is no merit to any of the issues Appellant raised. As noted above, in the October 25, 2018 order, the PCRA court granted relief on Appellant's

challenge to the legality of his sentence, but it denied relief on all of the other issues. After our independent review, we discern nothing unreasonable with Attorney Kalinowski's decisions or trial strategy, and we cannot conclude that Attorney Kalinowski provided ineffective assistance of counsel. *See Ervin*, 766 A.2d at 862-863 (stating that in order to satisfy the second prong of the *Pierce* test, counsel's chosen strategy must be so unreasonable that no competent lawyer would have chosen it).

For the reasons set forth above, we conclude that the PCRA court's order is supported by the record and free of legal error. Having determined that Appellant is not entitled to PCRA relief on the issues raised on appeal, we affirm the order of the PCRA court and relinquish jurisdiction, which will allow the trial court to proceed with resentencing Appellant in conformity with the PCRA court's October 25, 2018 order. Thus, we are constrained to deny counsel's application to withdraw and direct Attorney Lynott to represent Appellant during resentencing.

Order affirmed. Attorney Lynott's application to withdraw as counsel denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/24/2020

- 18 -