J-S53013-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BRADLEY KOMPA, | : | |
| | : | |
| Appellee | : | No. 1912 WDA 2013 |

Appeal from the Order entered November 1, 2013,
Court of Common Pleas, Washington County,
Criminal Division at No. CP-63-CR-0000898-2013

BEFORE:  DONOHUE, OLSON and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:  **FILED SEPTEMBER 19, 2014**

In this appeal, the Commonwealth of Pennsylvania appeals from the order of court granting the writ of *habeas corpus* filed by Appellee, Bradley Kompa ("Kompa").  Following our review, we affirm.

In February 2013, Kompa was charged with making a false statement in connection with the purchase of a firearm under 18 Pa.C.S.A. § 6111(g)(4)(ii).  Following the preliminary hearing, the local magistrate held the charge for trial.  Kompa subsequently filed a writ for *habeas corpus* and, following a hearing, the trial court granted the writ.  The Commonwealth sought reconsideration of this ruling, which the trial court ultimately denied.

*Retired Senior Judge assigned to the Superior Court.

J-S53013-14

This timely appeal follows, in which the Commonwealth asks only whether the trial court erred in granting Kompa's writ of *habeas corpus*. Appellant's Brief at 7.

> When reviewing a trial court's decision to grant a *habeas corpus* petition, we will not reverse the trial court's decision absent a manifest abuse of discretion. **Commonwealth v. Kohlie**, [] 811 A.2d 1010[, 1013] [Pa. Super. 2002]. In order to constitute an abuse of discretion, the record must disclose that the trial court exercised manifestly unreasonable judgment or based its decision on ill will, bias or prejudice. **Commonwealth v. Cunningham**, 805 A.2d 566, 575 (Pa. Super. 2002).

**Commonwealth v. Carbo**, 822 A.2d 60, 63 (Pa. Super. 2003).

The purpose of a pre-trial writ of *habeas corpus* is to challenge the finding from the preliminary hearing that the Commonwealth has *prima facie* evidence that the accused has committed the crime of which he has been accused. **Carbo**, 822 A.2d at 67. We have previously described the Commonwealth's burden in this regard as follows:

> The Commonwealth's burden at a preliminary hearing is to establish at least *prima facie* that a crime has been committed and that the accused is the one who committed it. This means that at a preliminary hearing, the Commonwealth must show the presence of every element necessary to constitute each offense charged and the defendant's complicity in each offense. Proof beyond a reasonable doubt is not required, nor is the criterion to show that proof beyond a reasonable doubt is possible if the matter is returned for trial. However, proof, which would justify a trial judge submitting the case to the jury at the trial of the case, is required. Inferences reasonably drawn from the

- 2 -

evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case. Prosecutorial suspicion and conjecture are not evidence and are unacceptable as evidence.

*Commonwealth v. Owen*, 580 A.2d 412, 414 (Pa. Super. 1990).

The crime with which Kompa was charged provides that,

[a]ny person, purchaser or transferee commits a felony of the third degree if, in connection with the purchase, delivery or transfer of a firearm under this chapter, he knowingly and intentionally … makes any materially false written statement, including a statement on any form promulgated by Federal or State agencies[.]

18 Pa.C.S.A. § 6111(g)(4)(ii).

The Commonwealth claims that Kompa made a false statement when he answered the following question, which was contained on a form he was required to fill out to purchase the gun: "Are you an unlawful user of or addicted to marijuana or any depressant, stimulant, narcotic drug or any other controlled substance?" The trial court granted Kompa's writ upon finding that "the Commonwealth offered no evidence that [Kompa] was addicted to drugs or an unlawful user of drugs at the time of the purchase." Trial Court Opinion, 3/21/14, at 5. [1] Following our review of the record, we agree.

_____

[1] In the trial court, there was debate about whether the salient question on Form 4473 is intended to elicit whether the applicant is under the influence of a controlled substance at the time he or she fills out the form, or habitual drug use. *See* N.T., 4/8/13, at 8-10, 25; N.T., 8/16/13, at 3. The

At the preliminary hearing, the only evidence offered was a federal form ("Form 4473") that Kompa filled out in connection with the purchase of the handgun and the testimony of Detective Joseph Bielevicz. The evidence of record, when considered in the light most favorable to the Commonwealth, reveals the following. On July 26, 2010, Kompa purchased a handgun at Pfronger's Firearms in Washington County. In connection with the purchase of the firearm, Kompa filled out the requisite state and federal paperwork, including the Form 4473. Form 4473 contained the question, "Are you an unlawful user of or addicted to marijuana or any depressant, stimulant, narcotic drug or any other controlled substance?" Kompa answered "no" to this question. In 2011, the handgun was recovered in connection with a crime committed in Allegheny County. N.T., 4/8/13, at 4. In the course of investigating the crime, Detective Bielevicz discovered that Kompa was the registered owner of the firearm. N.T., 4/8/13, at 4. In January 2012, he spoke with Kompa, who was living in Florida, by telephone. *Id.* at 5, 12.[2] Detective Bielevicz testified that during their conversation, Kompa acknowledged buying the handgun and recalled filling out the requisite paperwork. *Id.* at 6. The Detective further testified that

_____

Commonwealth maintains that the question is intended to inquire about regular drug use. *See* Appellant's Brief at 13-14. However, as discussed *infra*, we find that there was insufficient evidence to establish a *prima facie* showing under either interpretation.

[2] Detective Bielevicz did not record this call or make notes about their conversation. N.T., 4/8/13, at 14-15.

when he asked Kompa about his use of illegal drugs, Kompa stated that he had been a "near constant" user of various substances since high school, and that for a period of a year and a half, he loaned his car to various people in exchange for heroin. ***Id.*** at 11-12.[3] Detective Bielevicz asked Kompa if he was using heroin when he bought the gun, and Kompa responded that he "thought he was clean at the time[.]" ***Id.*** at 11. The Detective read the question at issue from the form to Kompa and asked if he remembered how he answered it; Kompa replied that he did not. ***Id.*** The parties stipulated that if called, the owner of Pfronger's would testify that "had [Kompa] been under the influence of anything at that particular point, he would not have sold him the firearm." N.T., 10/25/13, at 4.

We find no abuse of discretion with the trial court's conclusion that even when viewed in the light most favorable to the Commonwealth, this evidence does not establish that Kompa answered the question, "Are you an unlawful user of or addicted to marijuana or any depressant, stimulant, narcotic drug or any other controlled substance" falsely. Kompa admitted that he was a "near constant" user of drugs for many years, but also stated that he was not using drugs when he purchased the gun. "Near constant" is not the same as "constant;" it means that there were periods of time during which he was not using drugs. The man who sold Kompa the gun testified that he would not have done so if Kompa appeared to be under the

_____

[3] The record does not specify when this year and a half period occurred.

influence. Thus, the Commonwealth has not put forth any evidence that Kompa was an addict or in a period of drug use at the time he bought the gun, nor that he was under the influence of a controlled substance when he filled out Form 4473. Plainly, there is no evidence from which an inference that Kompa was an addict or using drugs at the time he filled out the Form 4473 could be drawn. Such a conclusion would be pure conjecture, and that is not sufficient to establish a *prima facie* case. **Owen**, 580 A.2d at 414.

Order affirmed.

Platt, J. joins the Memorandum.

Olson, J. files a Dissenting Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2014