**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Deon WILLIAMS, Appellee.**

Superior Court of Pennsylvania.

Submitted Aug. 28, 2006.
Filed Nov. 8, 2006.

Peter G. Flanigan, Asst. Dist. Atty., Greensburg, for Com., appellant.

Patricia L. Elliott, Greensburg, for appellee.

BEFORE: TODD, GANTMAN, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 The Commonwealth of Pennsylvania (Commonwealth) appeals from the trial court's order granting Deon Williams's writ of *habeas corpus*. The Commonwealth contends that it adduced enough evidence to establish a *prima facie* case of Persons not to Possess Firearms. *See* 18 Pa.C.S. § 6105. We find that when viewing the evidence in the light most favorable to the Commonwealth, the Commonwealth presented sufficient evidence to support a *prima facie* case that Deon Williams unlawfully possessed a firearm in violation of 18 Pa.C.S. section 6105. Accordingly, we reverse the trial court's order and remand for proceedings consistent with this Opinion.

¶ 2 This case arose from the alleged robbery of Susan Gould and Seth Burns on May 11, 2004. The Commonwealth charged Deon Williams and his brother, Damien Williams, with Robbery, Kidnapping, Criminal Conspiracy and Persons not to Possess Firearms. The trial court severed the Persons not to Possess Firearms charge from the remaining charges. On April 8, 2005, a jury trial commenced on the Robbery, Kidnapping and Conspiracy charges. On April 11, 2005, the jury found Deon Williams and Damien Williams not guilty on these charges.

¶ 3 On August 24, 2004, the trial court held a preliminary hearing on the Persons not to Possess Firearms charge. The Commonwealth presented testimony from three witnesses: Seth Burns, Detective Ray Dupilka and Detective Anthony Marcocci. Seth Burns stated that during the early morning hours of May 11, 2004, he

was at Gould's apartment and heard her car alarm go off. Notes of Testimony (N.T.), 8/24/04, at 5. Burns went downstairs and discovered that his truck had been broken into and that his loaded Taurus .38 Special revolver and Smith and Wesson .40 caliber pistol were missing. N.T., 8/24/04, at 5–6. Two males wearing masks then approached Burns and Gould from the alley, holding the guns that Burns identified were missing from his truck. N.T., 8/24/04, at 6. The men told Burns and Gould "to get down on the ground and give us some money." N.T., 8/24/04, at 6. Burns, however, was unable to identify Deon Williams or Damien Williams as the perpetrators.

¶ 4 Detective Marcocci interviewed Deon Williams regarding his involvement in the alleged robbery of Burns and Gould on May 11, 2004. N.T., 8/24/04, at 13. Deon Williams confessed that he was "involved in . . . the robbery, that it had been planned out, [and it] was a drug-slash-money robbery." N.T., 8/24/04, at 14. Deon Williams, however, said that he and his brother, Damien Williams, did not use, and were not in possession of, a weapon during the course of the robbery. N.T., 8/24/04, at 15–16. Detective Dupilka interviewed Damien Williams, who also confessed his involvement in the alleged robbery of Burns and Gould on May 11, 2004. N.T., 8/24/04, at 10.

¶ 5 Following the preliminary hearing, Deon Williams filed a motion for *habeas corpus* relief. In his motion, he argued that there was insufficient evidence to support the Persons not to Possess Firearms charge, because the Commonwealth did not prove that he "possessed" a firearm. On March 7, 2006, the trial court issued an order granting Deon Williams's petition. The Commonwealth now appeals to this Court, raising the following question for our review:

I. Whether the Commonwealth established a *prima facie* case of a violation to Title 18, Section 6105(a)(1), Persons not to Possess Firearms?

Brief for Appellant at 4.

■■■ ¶ 6 Our standard of review for an order granting a *habeas corpus* petition is as follows:

The decision to grant or deny a petition for writ of [*habeas corpus*] will be reversed on appeal only for a manifest abuse of discretion. . . . Our scope of review is limited to deciding whether a *prima facie* case was established. . . . [T]he Commonwealth must show sufficient probable cause that the defendant committed the offense, and the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury. When deciding whether a *prima facie* case was established, we must view the evidence in the light most favorable to the Commonwealth, and we are to consider all reasonable inferences based on that evidence which could support a guilty verdict. The standard clearly does not require that the Commonwealth prove the accused's guilt beyond a reasonable doubt at this stage.

*Commonwealth v. James*, 863 A.2d 1179, 1181–82 (Pa.Super.2004) (en banc) (internal citations omitted).

¶ 7 The crime of Persons Not to Possess Firearms is defined in pertinent part as follows:

a) **Offense Defined.—**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth . . . shall not possess, use, control, sell, transfer or manufacture . . . a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

■■■ ¶ 8 In order to establish a *prima facie* case of Person not to Possess Fire-

arms, the Commonwealth must prove that a person possessed a firearm and had a prior conviction of an offense listed in 18 Pa.C.S. section 6105(b). *See Commonwealth v. Bryant,* 341 Pa.Super. 123, 491 A.2d 181, 188 (1985). Here, the trial court took judicial notice of the fact that Deon Williams had a previous conviction for Burglary, which is one of the enumerated crimes under subsection (b). *See* Trial Court Opinion (T.C.O.), 3/07/05, at 3; 18 Pa.C.S. § 6105(b). The question, therefore, is whether the Commonwealth presented sufficient evidence to demonstrate that Deon Williams was in possession of a firearm on May 11, 2004.

■ ¶ 9 Initially, we note that a *"prima facie* case exists when the Commonwealth produces evidence [that] … establishes sufficient probable cause to warrant the belief that the accused committed the offense." *Commonwealth v. Huggins,* 575 Pa. 395, 836 A.2d 862, 866 (2003) (citation omitted). Moreover, "the evidence must be read in the light most favorable to the Commonwealth's case[,]" and we are to give effect to the "inferences reasonably drawn from the evidence of record[.]" *Id.* (citation and internal brackets omitted). The trial court concluded that the Commonwealth failed to establish a *prima facie* finding that Deon Williams possessed a firearm. It reasoned as follows:

> [T]he Commonwealth did not present any evidence at the preliminary hearing that either of the men possessed firearms at any time on May 11, 2004. Burns and Gould [at the Robbery trial] testified unequivocally that they were not able to identify either of the assailants. Although Deon Williams stated that he was involved in a robbery involving Burns and Gould, the Commonwealth's evidence was that he denied the use or possession of any firearm during the alleged robbery. Consequently,

there was no evidence presented from which a trier of fact could conclude that the Defendants were in possession of firearms. Accordingly, the Commonwealth has failed to meet its minimum burden of proof at the preliminary hearing, and the Motions to Dismiss will be granted.

T.C.O., 3/07/06, at 3.

■ ¶ 10 In order to support its opinion, the trial court made a credibility determination and placed significant weight on the fact that Deon Williams "denied the use or possession of any firearm during the alleged robbery." T.C.O., 3/07/06, at 3. At this stage of the proceedings, however, the trial court cannot make credibility and weight determinations. *See Commonwealth v. Wojdak,* 502 Pa. 359, 466 A.2d 991, 997 (1983) (stating that "weight and credibility of the evidence are not factors" at *habeas* hearing); *Commonwealth v. Kohlie,* 811 A.2d 1010, 1014 (Pa.Super.2002) (stating that the trial court erred at the *habeas* hearing when it made a credibility determination regarding the Commonwealth's evidence, "because credibility is not an issue at pretrial proceedings."). Moreover, the trial court disregarded, or implicitly rejected, Burns's testimony that the alleged robbers were holding guns at the time they told him to get down on the ground and give them money. As a result, the trial court did not "view the evidence in the light most favorable to the Commonwealth" and failed to consider the "reasonable inferences based on that evidence which could *support* a guilty verdict." *James,* 863 A.2d at 1182 (emphasis added and citation omitted). Ultimately, by making credibility and weight determinations, the trial court, in effect, imposed on the Commonwealth a higher standard of proof than that which is necessary to prove a prima facie case. *See Kohlie,* 811 A.2d at 1013 (stating that by

"implicitly rejecting the [Commonwealth's] proposed testimony, the trial court invaded the province of the jury and placed an unduly high burden upon the Commonwealth at the pretrial *habeas* proceeding.") (citation and internal quotation marks omitted). *See also Commonwealth v. McBride*, 528 Pa. 153, 595 A.2d 589, 592 (1991) ("A judge at a preliminary hearing is not ... authorized to determine the guilt or innocence of an accused; his sole function is to determine whether probable cause exists to require an accused to stand trial on the charges contained in the complaint.") (citation omitted). Although the Commonwealth's evidence at the preliminary hearing "may not be sufficient to carry the Commonwealth's burden of proof at trial[,]" *i.e.*, that Deon Williams possessed a firearm beyond a reasonable doubt, "the sufficiency of evidence required to establish a prima facie case does not rise to the level of that required to sustain a conviction." *Commonwealth v. Lutz*, 443 Pa.Super. 262, 661 A.2d 405, 408 (1995). *See Kohlie*, 811 A.2d at 1013–14 ("[T]he Commonwealth was not required to establish Appellee's BAC by clear evidence at this stage in the case.... [T]he Commonwealth satisfies its burden of proof as long as it presents evidence that establishes sufficient probable cause to warrant belief that the defendant committed the offense.") (citations omitted); *Commonwealth v. Kowalek*, 436 Pa.Super. 361, 647 A.2d 948, 949 (1994) (reiterating that proof a guilt beyond a reasonable doubt is not required at pretrial *habeas corpus* hearing). Therefore, we find that the trial court misapprehended the facts of this case and applied the incorrect legal standard to determine whether the Commonwealth established a *prima facie* case of Persons not to Possess Firearms.

¶ 11 Contrary to the trial court's opinion that the Commonwealth did not present "any" evidence of possession, we find that the Commonwealth presented sufficient evidence to support a *prima facie* finding that Deon Williams possessed a firearm. "When deciding whether a *prima facie* case was established, we must view the evidence in the light most favorable to the Commonwealth, and we are to consider all reasonable inferences based on that evidence which could support a guilty verdict." *James*, 863 A.2d at 1182 (citation omitted). "The use of inferences is a process of reasoning by which a fact or proposition sought to be established is deduced as the logical consequence from the existence of other facts that have been established." *McBride*, 595 A.2d at 591 (citation omitted). "An inference is no more than a logical tool enabling the trier of fact to proceed from one fact to another, if the trier believes that the weight of the evidence and the experiential accuracy of the inference warrant so doing." *Id.* (citation omitted). Evidentiary inferences are constitutionally infirm unless the inferred fact is "more likely than not to flow from the proved fact on which it is made to depend." *Id.* (citation and internal quotation marks omitted).

¶ 12 Although the Commonwealth did not present direct evidence that Deon Williams was in possession of a gun, it did offer compelling circumstantial evidence to establish this fact through a reasonable evidentiary inference. Deon Williams confessed that he was involved in the robbery of Burns and Gould on May 11, 2004. N.T., 8/24/04, at 14. Damien Williams also confessed that he was involved in the robbery, approaching Burns and Gould and demanding money from them. N.T., 8/24/04, at 10. Burns testified that *two* males approached Gould and himself from the alley, brandished pistols, and demanded that they get down on the ground and surrender money. N.T., 8/24/04, at 6. Although Burns was unable to identify Deon

Williams as one the alleged robbers, the proposition that Deon Williams was in possession of a gun during the robbery is a reasonable and logical inference to be derived from the existence of the above-mentioned facts; that is, if (a) Deon Williams admitted he was involved in the robbery, and (b) Burns stated that during the robbery *both* men were in possession of a gun when they demanded that Gould and him get down on the ground and surrender money, then (c) it follows as a natural and probable inference that Deon Williams was in possession of a gun when he allegedly robbed Burns and Gould. Given the strong and direct correlation between the proffered facts of this case, the inference that Deon Williams was in possession of a gun is more than a tenuous connection consisting of mere suspicion or conjecture; rather, the inference is a logical and rational deduction that is "more likely than not to flow from the proved fact[s] on which it is made to depend." *McBride*, 595 A.2d at 591 (citation omitted). *See Commonwealth v. Saunders*, 456 Pa.Super. 741, 691 A.2d 946, 950 (1997) (stating that since the appellee was found intoxicated behind the wheel of a parked car at CoGo's, which does not sell alcohol, it can be reasonably inferred that the appellee was in physical control of the car and drove it while under the influence of alcohol to CoGo's parking lot), and *compare with Commonwealth v. Prado*, 481 Pa. 485, 393 A.2d 8, 10–11 (1978) (stating that although appellee emerged from an alley after the shooting, owned a "high velocity" gun, and had an altercation with the victim a year prior to the shooting, the Commonwealth did not present the murder weapon or witnesses to the shooting at the preliminary hearing, and thus, the evidence failed "to rise above mere suspicion and conjecture" in a charge for murder). Consequently, Deon Williams's confession and Burns's testimony, if accepted as true,

would permit the jury to infer that Deon Williams possessed a firearm. *See James*, 863 A.2d at 1182 (stating that in order to prove a *prima facie* case "the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury.") (citation omitted). Therefore, the evidence presented by the Commonwealth established "sufficient probable cause to warrant the belief that" Deon Williams possessed a firearm in violation of 18 Pa. C.S. section 6105. *See Huggins*, 836 A.2d at 866.

¶ 13 Viewing the evidence and its reasonable inference in the light most favorable to the Commonwealth, we conclude that the Commonwealth adduced enough evidence to support a *prima facie* case of Person not to Posses Firearms. The trial court thus abused its discretion when it granted Deon Williams's *habeas corpus* petition. Accordingly, we reverse the trial court's order and remand for proceedings consistent with this Opinion.

¶ 14 Order **REVERSED** and **REMANDED** for proceedings consistent with this Opinion. Jurisdiction **RELINQUISHED.**