J-A24029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA,<br><br>Appellant<br><br>v.<br><br>MICHAEL GAY,<br><br>Appellee | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br>No. 97 EDA 2014 |

Appeal from the Order December 11, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: MC-51-CR-0001605-2013

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED DECEMBER 05, 2014**

The Commonwealth appeals from the order of December 11, 2013 precluding it from proceeding to trial against Appellee, Michael Gay, on the refiled charges of possession of a controlled substance (cocaine) and possession with intent to deliver (PWID) a controlled substance.[1] After careful review, we hold that the Commonwealth presented sufficient evidence to prove a *prima facie* case that Appellee constructively possessed the cocaine discovered in the vehicle's glove box. We vacate the order dismissing the refiled charges and remand for trial.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(16) and (30), respectively.

The trial court summarized the procedural history of this case as follows:

> Appellee [] was arrested and charged with [p]ossession of [m]arijuana, [p]ossession of a [c]ontrolled [s]ubstance, and [p]osession of a [c]ontrolled [s]ubstance with [i]ntent to [d]eliver (PWID). The [municipal] court dismissed the charges for lack of evidence on May 9, 2013. On June 21, 2013, the Commonwealth re-filed its criminal complaint listing identical charges.
>
> On December 11, 2013, [the trial] [c]ourt held a preliminary re-file hearing. Th[e] [c]ourt, after hearing oral argument, agreed with the [municipal] court that the Commonwealth failed to make out a *prima facie* case as to the PWID and [p]ossession of a [c]ontrolled [s]ubstance charges. Th[e] [c]ourt, however, determined that there was sufficient evidence to hold Appellee on the possession of marijuana charge. . . .

(Trial Court Opinion, 2/04/14, at 1-2) (footnotes and record citation omitted).

On January 10, 2014, the Commonwealth timely appealed,[2] certifying that the court's December 11, 2013 order terminates or substantially handicaps the prosecution.[3] **See** Pa.R.A.P. 311(d).

---

[2] The Commonwealth simultaneously filed its Rule 1925(b) statement. The court entered its Rule 1925(a) opinion on February 4, 2014. **See** Pa.R.A.P. 1925.

[3] This Court notes that the general rule in Pennsylvania is an order finding that the Commonwealth has failed to establish a *prima facie* case is not an appealable final order because it gives the accused his liberty for the present and leaves him subject to rearrest. **See Commonwealth v. Weigle**, 997 A.2d 306, 308 n.5 (Pa. 2010). "However, under Philadelphia County Local Criminal Rule 500(H), Common Pleas Motions Court judges' orders

*(Footnote Continued Next Page)*

- 2 -

The Commonwealth raises the following question for our review:

Did the lower court err in precluding the Commonwealth from proceeding on its re-filed charges where the evidence established a *prima facie* case that [Appellee] possessed with intent to deliver the 41.52 grams of cocaine found in the car that he alone occupied?

(Commonwealth's Brief, at 5).

Our standard of review is well-settled:

[T]he evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary. Indeed, the trial court is afforded no discretion in ascertaining whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried its pre-trial, *prima facie* burden to make out the elements of a charged crime.

**Commonwealth v. Karetny**, 880 A.2d 505, 513 (Pa. 2005) (citation omitted).

Here, the Commonwealth asserts that the trial court "erred in precluding [it] from proceeding on its refiled charges where the evidence established a *prima facie* case that [Appellee] possessed and intended to deliver cocaine." (Commonwealth's Brief, at 10 (capitalization omitted)). Specifically, it argues that the trial court committed legal error because it made impermissible credibility determinations at the preliminary hearing. (**See id.** at 10-19). We agree.

*(Footnote Continued)* _____

discharging an accused or denying a rearrest petition constitute final orders subject to appellate review." **Id.** at 309 (noting that review by another judicial officer is not available in Philadelphia).

At the preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a *prima facie* case of guilt. A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury.

*Karetny*, *supra* at 513-14 (citations omitted).

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Kinard*, 95 A.3d 279, 292 (Pa. Super. 2014) (*en banc*) (quoting *Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. 2012), *appeal denied*, 63 A.3d 1243 (Pa. 2013)).

Expert "testimony is [an] aid in determining whether the facts surrounding the possession of controlled substances are consistent with intent to deliver." *Commonwealth v. Baker*, 72 A.3d 652, 659 (Pa. Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014) (citation omitted).

Here, the record reflects that Officer Mitchell Yanak testified that he was on a routine tour of duty on "January 10th of 2013 at around 10:14 in the evening . . . [in] the area of 1800 North 16th Street in the city and county of Philadelphia . . . [when he stopped Appellee's vehicle because] the

- 4 -

tag did not match the vehicle." (N.T. Preliminary Hearing, 12/11/13, at 8-10; *see also* Trial Ct. Op., 2/04/14, at 2). Officer Yanak further testified that:

> We asked [Appellee] to step out, did a protective pat-down, we were talking to him at the back of the vehicle, he was telling us that the vehicle is legit and all the paperwork was good. At this point he asked us to get the paperwork out of the glove box. I went to the glove box, opened the glove box and the bag . . . of a white powdery substance, alleged cocaine [was there].

(N.T. Preliminary Hearing, 12/11/13, at 11; *see also* Trial Ct. Op., at 2-3).

Accordingly, the Commonwealth did present sufficient evidence that Appellee was the sole occupant, in control of the vehicle, and invited the officers to open the glove box. *See Karetny*, *supra* at 513-14; *Kinard*, *supra* at 292. Therefore, we conclude that the trial court erred in finding that the Commonwealth did not establish a *prima facie* case that Appellee constructively possessed the cocaine to support the charges of possession and PWID. *See Karetny*, *supra* at 513-14; *Kinard*, *supra* at 292.

Additionally, Appellee stipulated "to the preliminary hearing only that if an expert were called to testify, he would testify that whoever possessed these drugs possessed them with the intent to deliver them." (N.T. Preliminary Hearing, 12/11/13, at 16-17). Therefore, we conclude that that the trial court erred when it found that the Commonwealth did not establish a *prima facie* case for PWID. *See Baker*, *supra* at 659.

Moreover, the issues of whether Appellee possessed the cocaine and possessed it with the intent to deliver are issues of credibility for the fact

finder to determine at trial. *See Commonwealth v. Williams*, 911 A.2d 548, 551 (Pa. Super. 2006) (stating that credibility determinations based on facts are not for the trial court at the preliminary hearing stage).

Here, the record reflects that the trial court found:

The record is devoid of any evidence indicating that [Appellee's] fingerprints were found on the contraband or on the plastic baggie containing the contraband. There is no evidence that any of [Appellee's] personal effects were found alongside or near the offending contraband in the glove box. The record is devoid of any evidence indicating that [Appellee] owned the subject vehicle; it is equally possible that the drugs, unbeknownst to [Appellee], were placed in the glove box compartment by the true owner or by someone else. Moreover, the record is devoid of any evidence indicating that [Appellee] **knew** the drugs were being stored in that location. [Appellee] did not make any sudden, suspicious, or furtive movements towards the glove box when the officer first approached the vehicle. [Appellee] was cooperative and fully complied with all of the officer's instructions during the vehicle stop. In fact, he actually **invited** the officer to inspect the glove box and to retrieve paperwork (registration, insurance, etc.) pertaining to the vehicle therefrom.

(Trial Ct. Op., at 6-7) (emphases in original).

We conclude that the trial court erred "by making credibility and weight determinations, [that], in effect, imposed on the Commonwealth a higher standard of proof than that which is necessary to prove a prima facie case." *Williams*, *supra* at 551 (citations omitted).

Accordingly, we vacate the order dismissing the refiled charges of possession of a controlled substance (cocaine) and PWID.

Order vacated and case remanded for trial. Jurisdiction relinquished.

Gantman, P.J., joins the Memorandum.

Bender, P.J.E., files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/5/2014