J-S80037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MUSTAFA D. HOLDEN | : | |
| | : | |
| Appellant | : | No. 786 EDA 2018 |

Appeal from the PCRA Order February 16, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014582-2010

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JANUARY 16, 2019**

Appellant Mustafa D. Holden appeals from the order dismissing his first PCRA petition without a hearing.  Appellant asserts that he was illegally sentenced to a mandatory minimum sentence under **Alleyne v. United States**, 570 U.S. 99 (2013),[1] following his conviction of person prohibited to possess a firearm.[2]  We affirm.

The factual background to this matter need not be stated in detail.  We note that on January 22, 2013, Appellant was convicted in *absentia* by a jury of person prohibited to possess a firearm.  Appellant previously had been

_____

[1] In **Alleyne**, the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  **Alleyne**, 570 U.S. at 103.

[2] 18 Pa.C.S. § 6105(a)(1).

convicted of possession with intent to deliver (PWID),[3] making his conviction of person prohibited to possess a firearm a felony of the second degree. **See** N.T., 1/18/13, at 176; 18 Pa.C.S. § 6105(a.1)(1). On January 14, 2014, Appellant was sentenced to five to ten years of imprisonment.[4] Appellant did not file a direct appeal of his judgment of sentence.

On January 7, 2015, Appellant filed the instant timely PCRA petition. Counsel was appointed, and for reasons the record does not reveal, an amended PCRA petition was not filed until May 9, 2017. On January 16, 2018, the PCRA court issued a notice of intent to dismiss the amended PCRA petition under Pa.R.Crim.P. 907 because the issues raised therein were without merit. **See** Notice Pursuant to Pa.R.Crim.P. 907, 1/16/18. The PCRA court dismissed Appellant's petition on February 16, 2018.

This timely appeal followed.[5] Appellant raises the following issue for our review:

---

[3] 35 P.S. § 780-113(a)(30).

[4] Ten years of imprisonment is the maximum term of incarceration for a felony of the second degree. 18 Pa.C.S. § 1103(2). We add that the United States Supreme Court decided **Alleyne** on June 17, 2013, before Appellant's judgment of sentence became final.

[5] Thirty days from the date Appellant's PCRA petition was dismissed fell on March 18, 2018, a Sunday. **See** Pa.R.A.P. 903(a). Therefore, Appellant's notice of appeal, filed Monday, March 19, 2018, was timely. **See** 1 Pa.C.S. § 1908.

Should [Appellant] be remanded to the PCRA [c]ourt for an [e]videntiary [h]earing in that he was able to plead, and would have been able to prove, that he was sentenced illegally and that trial counsel was ineffective for having failed to object to the illegal sentence and failing to file a [m]otion for [r]econsideration of [s]entence?

Appellant's Brief at 3.

Appellant asserts that he was sentenced to an unconstitutional mandatory minimum under *Alleyne*. *Id.* at 6. Appellant argues that

[a]t the time that [Appellant] was sentenced, counsel knew, or should have known, that [Appellant] was being sentenced to an illegal sentence. Counsel did not object. Thereafter, counsel could have filed a [m]otion for [r]econsideration of [s]entence, and should have filed same, given the fact that the sentence was illegal. Counsel failed to do that. Thus, and as a result of counsel's ineffectiveness, [Appellant] was sentenced to an illegal sentence.

*Id.*

We note that

[w]e review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the

---

Additionally, we note that Appellant was ordered to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal by April 13, 2018. Appellant filed his statement on April 24, 2018. Under *Commonwealth v. Burton*, 973 A.2d 428 (Pa. Super. 2009), the late filing of a rule 1925(b) statement is *per se* ineffectiveness of counsel in criminal cases. *Burton*, 973 A.2d at 433; Pa.R.A.P. 1925(c)(3); *see also Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (holding that a PCRA appeal is a "criminal case" for purposes of Pa.R.A.P. 1925(c)). Nevertheless, a remand is not necessary here since "the trial court has filed an opinion addressing the issue presented in [Appellant's] 1925(b) concise statement." *Burton*, 973 A.2d at 433.

factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted); *see also See Commonwealth v. DiMatteo*, 177 A.3d 182, 192 (Pa. 2018) (holding that a PCRA petitioner may challenge the legality of a sentence based on *Alleyne* where *Alleyne* was decided before the sentence became final and the issue was raised in a timely PCRA petition).

Instantly, Appellant was convicted of person prohibited to possess a firearm under 18 Pa.C.S. § 6105. An element of the offense of person prohibited to possess a firearm is the defendant's prior conviction of at least one enumerated offense. *See Commonwealth v. Williams*, 911 A.2d 548, 550 (Pa. Super. 2006) (abrogated on other grounds by *Commonwealth v. Dantzler*, 135 A.3d 1109 (Pa. Super. 2016) (*en banc*)); 18 Pa.C.S. § 6105(a)(1). During Appellant's jury trial, the Commonwealth presented evidence to the jury that Appellant had previously been convicted of PWID in addition to possessing a firearm. *See* N.T., 1/18/13, at 176. Accordingly, the Commonwealth presented evidence of the elements of the crime, and the jury convicted Appellant. Thereafter, Appellant was sentenced to the maximum sentence for a felony of the second degree. *See* 18 Pa.C.S. § 1103(2).

Accordingly, Appellant was not sentenced to a mandatory minimum sentence, and **Alleyne** does not apply.[6]

Appellant also attempts to cast his receipt of a purportedly illegal sentence as an ineffective assistance of counsel claim. However, since Appellant's sentence did not involve an illegal mandatory minimum sentence, counsel was under no obligation to object to it, and Appellant's claim lacks arguable merit. **See Ford**, 44 A.3d at 1194.

For the foregoing reasons, the PCRA court's decision to dismiss Appellant's petition without a hearing was supported by the record and free of legal error. **Id.**

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/19

---

[6] We note that even if Appellant's prior conviction for PWID increased the grade of the offense, a prior conviction is an exception to the prohibition on judicial fact-finding to increase the range of permissible sentences. **See Commonwealth v. Golson**, 189 A.3d 994, 1002 (Pa. Super. 2018) ("Prior convictions are the remaining exception to **Apprendi v. New Jersey**, 530 U.S. 466 . . . [(2000)] and **Alleyne** . . . insofar as a fact finder is not required to determine disputed convictions beyond a reasonable doubt to comport with the Sixth Amendment jury trial right." (some citations omitted)).