J. S23035/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KHRISTIAN BOOTH, | : | No. 2288 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered July 14, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0011454-2016

BEFORE: NICHOLS, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        Filed: July 23, 2020

Khristian Booth appeals from the July 14, 2017 judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he was convicted in a bench trial of persons not to possess firearms, firearms not to be carried without a license, and carrying firearms in public in Philadelphia.[1] The trial court sentenced appellant to a term of incarceration of not less than three and one-half nor more than seven years for persons not to possess firearms.[2] We affirm.

---

[1] 18 Pa.C.S.A. §§ 6105(1)(1), 6106(a)(1), and 6108.

[2] Appellant was further sentenced to a consecutive term of three years' probation for firearms not to be carried without a license and no further penalty for carrying firearms in public in Philadelphia.

The facts, as gleaned from the trial court's opinion, are as follows. On August 15, 2016, Officer Thomas Seymour received a call to respond to an armed robbery. The call described two suspects and gave a location. While driving to that location, Officer Seymour observed appellant and another male walking down the street. There was no one else in the area. The men fit the radio description of the suspects. Officer Seymour exited his vehicle, gun drawn, and identified himself as a police officer. He requested appellant to get down on the ground, but appellant refused. Rather, appellant backed up on the lawn of 1227 East Johnson Street, with his hand on his right waistband. As Officer Seymour approached, appellant turned and fled between the houses. Officer Seymour last saw appellant run to the rear of 1227 East Johnson Street and towards 1224 Barringer Street.

Officer Seymour abandoned the chase to assist his partner, Officer Harris, in securing the other suspect and radioed appellant's location to other officers. He then heard a loud bang. Officers recovered a firearm from 1224 Barringer Street, the last place Officer Seymour observed appellant. The robbery victim identified the gun by serial number. Appellant was not licensed to possess or carry a firearm. It was stipulated that appellant had a prior conviction which made him ineligible to possess a firearm and that the gun was operable.

Following his conviction and sentencing, appellant did not file a post-sentence motion or a direct appeal. On July 5, 2018, appellant filed a

*pro se* petition pursuant to the Post Conviction Relief Act.[3]  On July 23, 2019, the PRCA court reinstated appellant's rights *nunc pro tunc* to file a post-sentence motion and a direct appeal.  On July 24, 2019, appellant filed a motion for reconsideration of the verdict and for a new trial.  The motion was denied July 30, 2019.  Appellant filed a timely appeal.  The trial court directed appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant timely complied.  The trial court then filed its Rule 1925(a) opinion.

Appellant raises the following issues on appeal:

> [1.] [WHETHER] THE VERDICT IS AGAINST THE WEIGHT OF THE EVIDENCE SUCH THAT CERTAIN FACTS ARE SO CLEARLY OF GREATER WEIGHT THAT TO IGNORE THEM OR TO GIVE THEM EQUAL WEIGHT WITH ALL THE FACTS IS TO DENY JUSTICE, SPECIFICALLY THE APPELLANT'S POSSESSION OF A HANDGUN[?]
>
> [2.] [WHETHER] THERE WAS NOT SUFFICIENT EVIDENCE TO ENABLE THE FACT-FINDER TO FIND EVERY ELEMENT OF THE CRIME BEYOND A REASONABLE DOUBT SPECIFICALLY THE APPELLANT'S POSSESSION OF A HANDGUN[?]

Appellant's brief at 6.

At the outset, we note that appellant asserts the same argument in support of both his weight and sufficiency of the evidence claims.[4]  Appellant

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

[4] Further, in his brief, appellant relies on the same facts and "echo[es] the same arguments" in support of both claims.  (Appellant's brief at 11, 15, 16.)

argues that, even accepting the police officer's testimony[5] as true, the Commonwealth failed to prove he possessed a firearm. (***See*** appellant's brief at 11-12, 16.)

Claims challenging the weight of the evidence and sufficiency of the evidence differ.

> [A] challenge to the weight of the evidence is distinct from a challenge to the sufficiency of the evidence in that the former concedes that the Commonwealth has produced sufficient evidence of each element of the crime, "but questions which evidence is to be believed.

***Commonwealth v. Richard***, 150 A.3d 504, 516 (Pa.Super. 2016) (citation omitted).

Here, in support of his weight claim, "appellant does not argue that the officer's testimony should not be believed, rather that even taking the officer's testimony as gospel truth, the weight of the evidence still does not support a conviction." (Appellant's brief at 11-12.) Thus, appellant's weight of the evidence claim is actually a sufficiency of the evidence claim.

As to challenges to the sufficiency of the evidence,

> [o]ur standard of review for a challenge to the sufficiency of the evidence is well settled. We must view all the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences to be drawn therefrom. Additionally, it is not the role of an appellate court to weigh the evidence or to substitute our judgment for that of the fact-finder.

---

[5] Here, Officer Seymour was the sole witness at trial.

***Commonwealth v. Alford***, 880 A.2d 666, 669-670 (Pa.Super. 2005), ***appeal denied***, 890 A.2d 1055 (Pa. 2005), quoting ***Commonwealth v. Gruff***, 822 A.2d 773, 775 (Pa.Super. 2003), ***appeal denied***, 863 A.2d 1143 (Pa. 2004) (citations omitted).

> In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Tejada***, 107 A.3d 788, 792-793 (Pa.Super. 2015) (citations omitted), ***appeal denied***, 119 A.3d 351 (Pa. 2015).

Appellant was convicted of persons not to possess firearms, firearms not to be carried without a license, and carrying firearms in public in Philadelphia. To convict a defendant for possession of a firearm by a prohibited person, the Commonwealth must prove defendant was in possession of a firearm and was previously convicted of an offense enumerated in the statute. ***See Commonwealth v. Williams***, 911 A.2d 548, 550 (Pa.Super. 2006), ***abrogated on other grounds by Commonwealth v. Dantzler***, 135 A.3d 1109 (Pa.Super. 2016) (***en banc***); 18 Pa.C.S.A. § 6105(a)(1). In order to

convict a defendant for carrying a firearm without a license, the Commonwealth must prove the weapon was a firearm, the defendant was not licensed to carry the firearm, and he was carrying the firearm concealed on or about his person. **See Commonwealth v. Hewlett**, 189 A.2d 1004, 1009 (Pa.Super. 2018) (citation omitted), **appeal denied**, 197 A.3d 1176 (Pa. 2018); 18 Pa.C.S.A. § 6106(a)(1). Lastly, a defendant carrying a firearm on a public street in Philadelphia, when not licensed to do so, violates Section 6108. **See** 18 Pa.C.S.A. § 6108. Each offense requires the Commonwealth to prove that appellant possessed a firearm.

Here, because the firearm was not found on appellant's person, the Commonwealth was required to prove appellant constructively possessed the firearm. **See Commonwealth v. Brown**, 48 A.3d 426, 430 (Pa.Super. 2012), **appeal denied**, 63 A.3d 1243 (Pa. 2013).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

**Commonwealth v. Parker**, 847 A.2d 745, 750 (Pa.Super. 2004) (internal citations and quotation marks omitted). "In order to prove that a defendant had constructive possession of a prohibited item, the Commonwealth must

establish that the defendant had both the ability to consciously exercise control over it as well as the intent to exercise such control." ***Commonwealth v. Harvard***, 64 A.3d 690, 699 (Pa. Super. 2013) (citation omitted), ***appeal denied***, 77 A.3d 636 (Pa. 2013). "An intent to maintain a conscious dominion may be inferred from the totality of the circumstances, and circumstantial evidence may be used to establish a defendant's possession." ***Id.***

Appellant argues there was insufficient evidence from which to infer possession because

> [t]here was no fingerprint or DNA evidence to link [appellant] to the handgun. There was no video to support the charges. There was no testimony that [appellant] was observed holding a gun or even that police observed the outline of a handgun which was visible through [appellant]'s clothing. The leap that the trial court made was that whatever object [appellant] may have had in his waistband area must have been a gun. This reasoning is not supported by any corroborating physical evidence, rather it is based on the credibility and the opinion of [O]fficer Seymour that, more likely than not, the perceived object in [appellant]'s waistband must have been a gun.

***Id.*** at 12.[6] We do not agree.

The record reveals that appellant met the description of one of the suspects in an armed robbery during which a firearm was taken. (Notes of testimony, 5/12/17 at 11, 12.) Appellant had his hand on his right waistband and refused to obey Officer Seymour's commands. (***Id.*** at 11, 12.) Rather,

---

[6] This reasoning was incorporated into appellant's argument in support of his sufficiency claim from his argument in support of his weight claim. (Appellant's brief at 16.)

appellant began to back up slowly and then turned and ran. (***Id.*** at 12, 14.) The last place Officer Seymour observed appellant was the area from which a firearm was recovered. (***Id.*** at 16.) The victim identified the firearm based on its serial number. (***Id.*** at 27.) This evidence, although circumstantial, sufficiently linked appellant to the firearm. The fact that no physical evidence linked appellant to the firearm does not undermine the convincing circumstantial evidence that he constructively possessed it. ***See Commonwealth v. Lopez***, 57 A.3d 74, 80 (Pa.Super. 2012) (holding that the lack of forensic evidence was not fatal to the prosecution's case based on wholly circumstantial evidence), ***appeal denied***, 62 A.3d 379 (Pa. 2013).

We are satisfied that the totality of the circumstances warranted a finding of constructive possession of a firearm. The trial court, as fact-finder, could reasonably have inferred appellant possessed the firearm based on the facts of record, as summarized above. Appellant's sufficiency claim, therefore, lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/20