J-S43019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID SINGLETARY | : | |
| | : | |
| Appellant | : | No. 589 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 10, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0007831-2018.

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:            **FILED MARCH 7, 2023**

Following his non-jury conviction of possessing a firearm by a prohibited person,[1] David Singletary appeals, *nunc pro tunc*, from the judgment of sentence imposing three to six years of incarceration.  For the reasons below, we affirm.

Singletary and his uncle, Demetrius Singletary ("Uncle"), shared a townhouse in Philadelphia.  In mid-September 2018, the trial court issued a protection-from-abuse order ("PFA") against Singletary in favor of Uncle.  A week later, on September 20, Uncle called 911 to report that Singletary had a gun in the home and was violating the PFA.

When officers arrived, two of them positioned themselves behind the townhouse.  Two other officers knocked on the front door, where Uncle greeted them.  He informed the police that Singletary had just fled through a

_____

[1] 18 Pa.C.S.A. § 6105(a)(1).

backdoor in the basement. Uncle invited the two officers to accompany him through the house and into the basement. The officers who remained outside detained Singletary.

"The basement was a common area that contained a shelf at the bottom of the steps, a mantlepiece for an old fireplace, a washer, dryer, couches, a bed sectioned off with some sheets, and some storage." Trial Court Opinion, 4/22/22, at 2. The "officers saw a loaded Glock with an additional magazine partially stuffed into [the] couch cushion, as well as scales and hundreds of empty and unused containers. Officers held the scene until they obtained a search warrant to seize the items." *Id.*

Police charged Singeltary with unlawful possession of the gun and other offenses, irrelevant to this appeal.

Singletary moved to suppress the evidence, because police "entered his private space without permission and/or a warrant." Motion to Suppress Physical Evidence at 2. They "entered his private area without knocking or announcing their entry and, due to said unlawful entry, are alleged to have observed a firearm and illegal narcotics." *Id.* Thus, Singletary claimed the police performed a warrantless search of the basement and in violation of the knock-and-announce rule.

After the suppression hearing, the Commonwealth argued the police did not need a warrant or an exception to the warrant requirement to enter the basement with Uncle, because they were not there to conduct an evidentiary search. *See* N.T., 1/24/23, at 45.

The suppression court denied Singletary's motion from the bench. ***See id.*** at 50. Thus, the suppression court provided no contemporaneous opinion setting forth its findings of fact and conclusions of law.[2] Even so, we ascertain its legal analysis for denying suppression from the court's comments prior to denying the motion. ***See*** N.T., 10/3/19, at 48-50. The court said:

> The [officers'] entry into the basement was not for purposes of securing any drug-related evidence, but it was to locate the alleged violator of the [PFA], as well as the person who allegedly, at that point – the officers had reasonable suspicion to believe – had a gun.
>
> The officers were operating within their authority under the law.

***Id.*** at 49.

In other words, the suppression court rejected Singletary's theory that the officers conducted a warrantless search. The court ruled the police were simply there in response to Uncle's report of a PFA violation. Thus, the court never reached the issue of whether Uncle had actual or apparent authority to consent to a search of the basement.

The matter immediately proceeded to a bench trial. The court convicted and sentenced Singletary as described above. This appeal followed.

Singletary raises two appellate issues:

---

[2] The lack of an opinion accompanying the order denying suppression violated Pa.R.Cirm.P. 581(I). ***See Commonwealth v. Millner***, 888 A.2d 680, 688-89 (Pa. 2005) (observing that suppression courts too often fail to comply with Rule 581(I), and that failure is then belatedly accounted for much later in the appellate process). Because Singletary did not object to this procedural error by the suppression court, we need not consider it further.

1.     Whether the court was in error in denying the motion to suppress.

2.     Whether the verdict was contrary to law and insufficient to find [Singletary] guilty of VUFA § 6105, possession of a firearm prohibited.

Singletary's Brief at 8. We address Singletary's second issue first, because a sufficiency-of-the-evidence claim, if successful, results in discharge.

Singletary argues that the Commonwealth offered insufficient evidence to convict him of possession of a firearm by a person prohibited from doing so. In his view, the evidence did not "prove beyond a reasonable doubt that [he] resided in the basement where the firearm was found and that he had intent to exercise dominion and control over the firearm." *Id.* at 18.

When reviewing the sufficiency of the evidence, we face "a question of law." *Commonwealth v. Chambers*, 188 A.3d 400, 409 (Pa. 2018). Accordingly, our standard of review is "*de novo*." *Id.* We view the "evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom in the Commonwealth's favor." *Id.* "Through this lens, we must ascertain whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt." *Id.*

Critically, "the Commonwealth may sustain its burden by means of wholly circumstantial evidence." *Commonwealth v. Montalvo*, 956 A.3d 386, 392 (Pa. 2013). When sitting as the fact finder, the trial court is free to believe all, part, or none of the evidence. *See id.*

Explaining Singeltary's conviction on the possession-by-a-prohibited-person charge, the learned Judge Barbara A. McDermott, writing for the Court of Common Pleas of Philadelphia County, opined as follows:

> To sustain a conviction for possession of a firearm [by a] prohibited [person], the Commonwealth must prove that a defendant possessed a firearm and was previously convicted of an offense enumerated in 18 Pa.C.S.A. § 6105(b). **Commonwealth v. Williams**, 911 A.2d 548, 550-551 (Pa. Super. 2006). Possession may be proved entirely through circumstantial evidence. **Commonwealth v. Buford**, 101 A.3d 1182, 1189-1190 (Pa. Super. 2014). "Physical possession or control means the knowing exercise of power over a weapon . . . which may be proven through evidence of a direct, physical association between the defendant and the weapon . . . or evidence of constructive control." **Commonwealth v. Newman**, 99 A.3d 86, 100 (Pa. Super. 2014) (quoting **Commonwealth v. Hanson**, 83 A.3d 1023, 1036-37 (Pa. 2013)). Constructive control entails the ability to exercise a conscious dominion over the firearm or controlled substance and the intent to do so. **Commonwealth v. Wright**, 255 A.3d 542, 553 (Pa. Super. 2021), *appeal denied*, (internal citations omitted). Constructive possession may be established by the totality of the circumstances. **Commonwealth v. Hopkins**, 67 A.3d 817, 820 (Pa. Super. 2013) (citing **Commonwealth v. Brown**, 48 A.3d 426, 430 (Pa. Super. 2012)).
>
> The evidence established that [Singletary] was in constructive possession of the firearm, because the firearm was found near his ID in the basement, where he was staying, and he was apprehended close to the firearm. Police found [Singletary's] firearm sticking out of a couch cushion near his ID on the mantlepiece. [Singletary's] ID and the bed curtained-off from the rest of the basement showed that he stayed in the basement. The basement has a door allowing access to the back of the house where [Singletary] was apprehended. In **Commonwealth v. Davis**, 743 A.2d 946, 953-954 (Pa. Super. 1999), the defendant was in constructive possession of contraband, because his prescription bottle was nearby, even though the contraband was in a common area. Similar to **Davis**,

[Singletary] was in constructive possession of the firearm, [because it] was found near his ID in the basement where he stayed. **See Davis**, 743 A.2d at 953-954 . . . Therefore, [Singletary's] conviction for VUFA § 6105 was sufficiently supported by the evidence presented at trial.

Trial Court Opinion, 4/22/22, at 5-6. We agree with the above, well-reasoned opinion and adopt it as our own. Singletary's sufficiency-of-the-evidence issue is meritless.

Turning to his other claim of error, Singletary contends the suppression court incorrectly refused to suppress the gun. He claims Uncle "did not have authority to allow the police to search . . . the basement, and there were no exigent circumstances to have prevented the officers from getting a search warrant." Singletary's Brief at 13.

Our scope and standard of review for orders denying suppression are well-settled. "Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." **Commonwealth v. Jones**, 988 A.2d 649, 654 (Pa. 2010). We review legal conclusions *de novo*. **See id.**

The Fourth Amendment to the Constitution of the United States provides that, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." Pursuant to that Amendment, warrantless searches "are presumptively unreasonable, subject only to specifically established exceptions."

*Commonwealth v. Wilmer*, 194 A.3d 564, 567-568 (Pa. 2018) (quotations and citations omitted).

"One exception to the warrant requirement is a consent search." *Commonwealth v. Hawkins*, 257 A.3d 1, 9 (Pa. Super. 2020), *reargument denied* (Feb. 11, 2021), *appeal denied*, 259 A.3d 883 (Pa. 2021). A third party may consent to a warrantless search, even when the defendant is not present, if the third party has actual and apparent authority to consent. *See*, *e.g., Commonwealth v. Basking*, 970 A.2d 1181 (Pa. Super. 2009) (quoting *United States v. Matlock*, 415 U.S. 164, 171 (1974)).

Because a consent search is an exception to the warrant requirement, Uncle's authority to consent would be an issue, if the police had conducted a warrantless search of the basement. The suppression court ruled they had not. *See* N.T., 4/22/22, at 45-50. Instead, the suppression court concluded the police were in the basement to apprehend Singletary for violated the PFA.

Singletary did not challenge that ruling on appeal. He therefore waived the issue of whether the suppression court erred in concluding there was no search prior to the officers getting a warrant. *See* Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); *see also* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part — in distinctive type or in type distinctively displayed — the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.").

Accordingly, we need not decide whether Uncle had actual or apparent authority to consent to a warrantless search. Even if he lacked that authority, the suppression court's decision (*i.e.*, that police did not perform a warrantless search) would remain undisturbed. Hence, the same is true for its ultimate conclusion that no Fourth Amendment violation occurred.

Singletary's failure to appeal the suppression court's basis for denying his motion renders the question of consent moot. Therefore, we do not consider it further in this direct appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2023